LONDON AND LANCASHIRE INDEMNITY COMPANY *v.* IN-
DIANA JOBBING AND MERCANTILE COMPANY.

[No. 13,901.   Filed April 22, 1930.]

*Rocap & McShane,* for appellant.

*Charles J. Karabell, Silas Lipman* and *Rae W. Powell,*
for appellee.

REMY, C. J.—Action on a burglary insurance policy
to recover for loss of money and securities alleged to have
been feloniously taken from a steel safe.   Complaint in

two paragraphs; the first alleges that the felonious entry into the safe had been made by manipulating the combination lock on the outer door, a breaking of the inner doors by force and violence, and abstracting the property from the interior compartment; second paragraph is not materially different from the first. A demurrer to each paragraph was overruled. In addition to a denial, the company filed four affirmative paragraphs of answer. The defense pleaded in each affirmative answer is that, under the terms of the policy, there can be no recovery, for the reason that, at the time the property was taken, the outer door of the safe was opened by manipulating the lock combination. Answers were not tested by demurrers. Trial resulted in a verdict and judgment for appellee. The rulings of the court on the demurrers to the complaint, and in denying motion for new trial, are assigned as errors in this court.

The material facts are not in controversy, and the sole question presented by this appeal, the same being raised by the demurrers to the complaint and motion for new trial, is whether, under the terms of the policy, the company is liable. The question will involve a construction of the policy.

It appears from the evidence that the safe alleged to have been burglarized had an outside door with a combination lock, and an inside door locked with a key, back of which was the compartment, also locked by means of a key, from which compartment the property was taken; that, at the time of the alleged burglary, the outside door was opened by manipulating the combination; that there were no signs of violence or force on the outside door; that the first inner door had been opened by force, as had been the door leading to the compartment which contained the property taken; and that visible marks caused by the forced entry were upon the inside doors. The policy contained a provision designated as "In-

demnity Paragraph 1" as follows: "To indemnify the assured for all loss by burglary, of such property from within that part of the safe or vault to which the insurance upon this policy applies, occasioned by . . . felonious entry into such safe or vault by actual force and violence, of which force and violence there shall be visible marks . . . , and while such safe or vault is duly closed and locked by at least one combination or time lock." It is then provided that the insurance agreement is subject to 14 certain conditions which are set out and designated by the letters of the alphabet from A to N, inclusive. Condition C provides that: "The company shall not be liable (unless insurance is specifically provided in sections (b) or (d) of Item 8 of the declarations) for loss of property within any safe containing a chest or compartment of any description, unless both the safe and the chest or compartment shall have been entered in the manner specified in Indemnity Paragraph 1." It is provided by condition D, among other things, that "the company shall not be liable for loss or damage . . . effected by opening any vault, safe or chest by the use of a key or by manipulation of any lock." The "declarations" referred to in condition C are 18 in number, entitled as "Items," and are numbered from Item 1 to Item 18 inclusive. Item 8 of the declarations contains six subsections designated by the letters from (a) to (f) inclusive; and subsections (a) and (b) of Item 8 are as follows: "(a) The insurance granted by this policy . . . shall apply specifically as follows: (b) On money and securities in safe No. 1, outside or inside of any chest or compartment therein, $1,000." Other provisions of the policy are not in controversy, and need not be set out in this opinion. It may be said, however, that the policy which covers more than 14 printed pages of appellant's brief is unduly long and complicated, and well calculated to breed litigation

for the company. It is suggested by appellant in its brief that this is a "standard mercantile safe burglary policy" in general use. If so, it is a poor standard. It appears to have been prepared from the standpoint of the insurance solicitor rather than the executives of the company.

It is the contention of appellant that the above provisions of the policy are free from ambiguity, and clearly show that for loss to be covered by the policy, visible marks of force must appear on the outer as well as the inner door, and that both the outer door and the compartment which contained the property must have been entered by force, and no door of the safe must have been opened by manipulation of the lock or by use of key; and that, since it was averred in the complaint and established by the evidence that the outer door of the safe was opened by manipulation of the lock combination, there can be no recovery. It must be conceded that, if, as claimed by appellant, the provisions of the policy above stated are free from ambiguity, and clearly bear the interpretation contended for, the contention of appellant must be sustained and the judgment reversed. Let us examine the provisions in question.

It is to be observed that Indemnity Paragraph 1 provides that the insured is indemnified for loss by burglary occasioned by a felonious entry into the safe by force, of which there shall be visible marks on the safe. Clearly, if this were the only provision of the policy to be considered, no one would contend that recovery on the policy would be limited to those cases where both the outer and inner doors were opened by force, as evidenced by marks on the safe. Two pages farther on in the policy, as same is printed in appellant's brief, we find conditions "C" and "D." It is provided by condition "D," among other things, that the company shall not be liable for loss "effected" by opening

the door of the safe by "use of a key or by manipulation of any lock." Can it be said that this provision makes clear that there can be no recovery if one of the doors had been opened by a key or by lock manipulation? The word "effected" means "accomplished," and is so defined. In the case at bar, the burglary was not accomplished when the outer door was opened by manipulating the combination; it was only partially accomplished; the burglary was not accomplished or effected until the outer door was opened by manipulating the combination and both the inner doors were forced. But what is the effect of condition C, which, when read in connection with Indemnity Paragraph 1, provides that there can be no recovery on the policy unless both the outer and inner doors were opened by force and violence, as evidenced by visible marks upon the safe? We see at once that condition C has its exception, for the provision is that the company shall not be liable, "*unless insurance is specifically provided in section* (b) . . . *of the declaration.*" To get the meaning of this exception, it is necessary to turn to the last general division of the policy, which is six pages farther on in appellant's brief, where we find section (b) of Item 8 of the declarations, by which it is stipulated that "the insurance granted" by the policy "shall apply specifically" to money and securities in the safe, "outside or inside of any chest or compartment therein, $1,000." When section (b) of Item 8 and condition C are read together, how are they to be interpreted? Does the company agree to insure the money and securities inside the safe compartment for $1,000, provided that, in case of burglary, the outside and inside doors are both forced as shown by visible marks? Or does the company mean to say that condition C applies, *unless* the insurance is specifically provided in section (b) of Item 8 of the declarations? It is unnecessary for this court to determine from the complicated language just

what the company actually intended. It is sufficient that we conclude, as we do, that the language in regard to the question under consideration is ambiguous. It need not have been so. By a few words added to what the company has termed "Indemnity Paragraph 1," it could have been stated that the policy does not cover loss occasioned by felonious entry into the safe if any door or compartment thereof shall have been opened by use of a key or by manipulation of a combination lock, and that, to such provision, there is no exception.

The language of the policy being ambiguous, the doubt must be resolved in favor of the insured, and the judgment affirmed.